UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23645-BLOOM

JASON RICHARDSON,

    Plaintiff,
v.

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Jason Richardson's Complaint, ECF No. [1], docketed on November 7, 2022. Richardson has not paid the filing fee but has moved to proceed *in forma pauperis*. ECF No. [3]. Because Richardson is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Having screened Richardson's Complaint, the Court concludes it is subject to dismissal.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Richardson's Complaint is written on the form for suits arising under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See generally* ECF No. [1]. However, Richardson does not claim § 1983 or *Bivens* as a basis for this Court's jurisdiction over this case. *See id.* at 3-4 (crossing out the Basis for Jurisdiction section of the form). Richardson's Complaint asserts no basis for jurisdiction whatsoever. Failure to assert a basis for jurisdiction is ground alone for dismissal. *See* Fed. R. Civ. P. 8(a)(1).

The Complaint also suffers from an infirmity related to sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds" under 26 U.S.C. § 7422(f)(1) and district courts have jurisdiction over such actions against the United States pursuant to 28 U.S.C. § 1346(a)(1). *Mut. Assur., Inc. v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995). However, prior to filing suit against the IRS, a taxpayer must first file "a claim for refund or credit" with the IRS. § 7422(a). Failure to file such an "administrative refund claim with the IRS in accordance

with the relevant provisions of the Internal Revenue Code is a jurisdictional prerequisite to the maintenance of a tax refund suit." *Id.* at 1356.

Richardson states that he "filed all necessary paperwork to obtain the allotted stimulus payments." ECF No. [1] at 8. It is unclear what paperwork Richardson is referring to. Because Plaintiff has not alleged that he filed a refund claim, he has failed to meet the jurisdictional requirement of § 7422(a).

Accordingly, it is **ORDERED AND ADJUDGED** that Richardson's Complaint is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close the case and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
**Jason Richardson**
200128036
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
PRO SE